**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SHAHEAN JONES,                                )
                                              )
            Petitioner,                       )
                                              )
      v.                                       )          No. 4:26-CV-00780 RWS
                                              )
HEATHER COFER,                                )
                                              )
            Respondent.                       )

**MEMORANDUM AND ORDER**

This matter is before the Court on the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, of state-court prisoner Shahean Jones (Missouri registration no. 1021108).  [ECF No. 1].  Petitioner also moves for leave to proceed in forma pauperis, or without prepayment of fees and costs in this matter.  [ECF No. 2].  Upon review of the financial affidavit submitted in support of his motion, the Court has determined that Petitioner is unable to pay the filing fee.  As such, the motion to proceed in forma pauperis will be granted and the filing fee waived.  Further, the Court has reviewed the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and finds it is an unauthorized second or successive petition.  As such, the petition will be denied and dismissed without prejudice. *See* 28 U.S.C. § 2244(b)(3)(A).

**Background**

Petitioner is presently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri.  On March 24, 1999, Petitioner was found guilty after a jury trial of first-degree murder and armed criminal action.  *State v. Jones*, No. 2197R-02588-01 (21st Jud. Cir., St. Louis

County).  He was sentenced to a term of life imprisonment without probation or parole for the first-degree murder count and a consecutive term of life imprisonment for the armed criminal action count.

In May of 2004, while in custody pursuant to the judgment in *State v. Jones*, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  *Jones v. Dormire*, No. 4:04-CV-00653 HEA (E.D. Mo. 2007).  In that case, Petitioner challenged the judgment of conviction in *State v. Jones*.  On August 22, 2007, the Court denied and dismissed the petition.  *Id.*  Petitioner appealed, and the Eighth Circuit Court of Appeals denied his request for certificate of appealability on May 20, 2008.  *Jones v. Dormire*, No. 07-3274 (8th Cir. 2008).

On February 6, 2015, Petitioner filed a motion to reopen his post-conviction proceedings with the assistance of counsel.  *Jones v. State*, No. 2100CC-03465 (21st Jud. Cir., St. Louis County).  Petitioner alleged that the attorney appointed to represent him in his post-conviction case had abandoned him by failing to provide the minimal legal services promised by Missouri Supreme Court Rule 29.15(e).  He claimed that appointed counsel failed to assert a claim that was readily apparent upon review of the trial transcript; his trial attorney had failed to challenge the jury's verdict after the trial court announced its decision to replace a juror who had been sleeping throughout the trial—whereupon the wrong juror was replaced, eliminating a qualified juror from deliberation upon the jury's verdict and allowing an incompetent person to participate in deliberation and return a verdict.  Petitioner further asserted that his appointed counsel's excessive workload deprived him of his due process rights under the Sixth and Fourteenth Amendments and effective assistance of counsel.  The State of Missouri moved to dismiss Petitioner's motion to reopen, and on October 23, 2017, the Court granted the motion to dismiss.  *Id.*  Petitioner appealed the Court's order on November 29, 2017.  *Id.*

2

The Missouri Court of Appeals found that Petitioner's motion to reopen was an impermissible successive motion for post-conviction relief because it sought relief from the same convictions and sentences challenged in his previously-filed Rule 29.15 motion. *See Jones v. State*, No. ED106175 (Mo. Ct. App. 2018). Accordingly, on October 16, 2018, the appellate court affirmed the motion court's denial of the motion to reopen and dismissed the appeal. *Id.* Petitioner filed an application in the Missouri Court of Appeals on October 27, 2018, to transfer his appeal to the Supreme Court of Missouri. *Id.* The motion was denied on November 19, 2018. On December 4, 2018, Petitioner filed a motion to transfer in the Missouri Supreme Court. *See Jones v. State*, No. SC97576 (Mo. 2018). The motion was denied on January 29, 2019.

On November 23, 2020, Petitioner filed an application for writ of habeas corpus in Washington County Circuit Court. *See Jones v. Blair*, No. 20WA-CC00476 (24th Jud. Cir., Washington County Court). After briefing on the matter, the petition for writ was denied and dismissed on May 10, 2021. *Id.* On August 31, 2021, Petitioner filed an application for writ of habeas corpus in the Missouri Court of Appeals. *See Jones v. Blair*, No. ED109905 (Mo. Ct. App. 2021). The petition for writ was denied on September 2, 2021. *Id.* On December 20, 2021, Petitioner filed an application for writ of habeas corpus in the Supreme Court of Missouri. *See Jones v. Blair*, No. SC99433 (Mo. 2022). The petition for writ was denied on February 8, 2022. *Id.* On May 18, 2026, Petitioner filed the instant application for federal habeas relief under § 2254 in this Court.

### The Instant Petition

Petitioner challenges the same state court convictions in *State v. Jones* that he challenged in his first § 2254 petition. In this petition, Petitioner asserts that his trial court made a

"structural error" when it removed the wrong juror for repeatedly sleeping through trial proceedings.  Petitioner, however, does not assert any claims of defect or error related to this Court's decision regarding his first § 2254 habeas petition, nor does he seek relief from the judgment entered in that case.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).  A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).  Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition").  The Supreme Court recently discussed this requirement, stating that:

> a petitioner cannot bring a second or successive habeas application directly to the district court.  Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of § 2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court.

*Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (citing 28 U.S.C. § 2244(b)(3)).

4

Petitioner's first § 2254 petition was denied on the merits in 2007.  *Jones v. Dormire*, No. 4:04-CV-00653 HEA (E.D. Mo.).  This second § 2254 petition is based on the same state court convictions, but there is no indication that Petitioner has sought leave from the Eighth Circuit to file another § 2254 petition in this Court, which is required before filing a second petition.  As such, Petitioner's habeas petition must be dismissed as successive.

The Court has considered whether to issue a certificate of appealability.  To do so in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court does not find this procedural ruling to be one that can be reasonably disputed and will therefore not issue a certificate of appealability.  *See* 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**, and the filing fee is waived.

 **IT IS FURTHER ORDERED** that the petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED as second or successive**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of May, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

5