**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAHEAN JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00780 RWS |
| | ) | |
| HEATHER COFER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is state-court prisoner Shahean Jones' motion for leave to file a successive habeas petition. [ECF No. 5]. Because this Court lacks jurisdiction to grant Petitioner's request, his motion will be denied.

As explained in the Memorandum and Order issued on May 27, 2026, an applicant who wishes to seek permission to file a successive habeas application must move in the appropriate court of appeals "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition"). The Supreme Court discussed this requirement in the case of *Rivers v. Guerrero*:

> petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of § 2244(b)(2)'s exceptions, and that court has to grant authorization for the petitioner to proceed in district court.

605 U.S. 443, 450 (2025) (citing 28 U.S.C. § 2244(b)(3). Thus, if Petitioner wishes to file a successive habeas application, he must file his request in the Eighth Circuit Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to file a successive habeas petition [ECF No. 5] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 13th day of August, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE